**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **KENNETH HOGWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-2396-STA-dkv** |
| | ) | |
| **TOWN OF OAKLAND; SCOTT** | ) | |
| **FERGUSON, in official capacity and** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT AND ORDER REMANDING CASE TO STATE COURT**

---

Before the Court is Defendants' Motion for Summary Judgment (D.E. # 10), filed on March 1, 2012.  Plaintiff filed multiple duplicative copies of his Response (D.E. # 11-16) on March 29, 2012.  Defendants filed a Reply (D.E. # 17) on April 11, 2012.  For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED IN PART**, and the case is **REMANDED** to Fayette County Chancery Court for further proceedings.

**BACKGROUND**

Plaintiff filed his Complaint in Fayette County Chancery Court on April 18, 2011.  (D.E. # 1-1.)  The case arises out of Plaintiff's resignation from the position of Police Chief for the Town of Oakland and events and accusations surrounding that resignation.  (D.E. # 1-1, at 1-4.)  In his Complaint, Plaintiff identified several causes of action, including constructive discharge and termination "from his employment by means of false accusation, extortion[,] and coercion,"

1

violation of Tennessee's Public Employee Political Freedom Act ("PEPFA"), violation of the

personnel policies and procedures adopted by the Town of Oakland, breach of Plaintiff's

"contract of employment at will," due process, equal protection, intentional infliction of

emotional distress ("IIED"), and unlawful interference with Plaintiff's employment relationship

with the Town of Oakland.  (Compl. ¶ 19-22.)  Defendants removed the case to this Court on

May 19, 2011. (D.E. # 1.)  As their bases for removal, Defendants noted that the Court had

federal question jurisdiction pursuant to 28 U.S.C. § 1331 due to "a violation of [Plaintiff's]

constitutional right to due process and equal protection" and alleged termination because he

"spoke out on matters of public concern."  (Notice of Removal, D.E. # 1, at 1-2.)

In their Motion for Summary Judgment, Defendants divide their Argument section into

two subsections: federal and state claims.  In the federal claims section, Defendants include

Plaintiff's protected speech and political association retaliation claim, equal protection and due

process claims, constructive discharge claim, and Plaintiff's official capacity claim against

Defendant Scott Ferguson ("Ferguson").  (Def.'s Mot., D.E. # 10-23, at 4-17.)  Defendants

include Plaintiff's PEPFA, IIED, interference with an at-will employment relationship, and

conduct resulting in breach of Plaintiff's contract of employment at will claims as state claims.

(*Id.* at 17-20.)

In response, Plaintiff "acknowledges that the facts in this case are undisputed as to the

claims related to protected speech, political association, equal protection, due process, PEPFA,

intentional infliction of emotional distress, and interference with [the] at will employment

relatinoship."  (Pl.'s Resp., D.E. # 12, at 1.)  However, Plaintiff stated that "material facts

[remain] in dispute regarding claims for constructive discharge and breach of Plaintiff's contract

2

of employment at will." (*Id.*)  Plaintiff's Response addresses solely those claims which he

alleges contain disputes of material fact.  (*Id.* at 2-8.)  In his conclusion, Plaintiff argues "that

Defendants are not entitled to judgment as a matter of law on the claims for constructive

discharge and breach of contract of employment at will."  (*Id.* at 8.)  In reply, Defendants note

Plaintiff's failure to respond to the majority of their arguments regarding his federal claims and

argue that "he concedes that Defendants are entitled to judgement as a matter of law as to [those]

claims."  (Defs.' Reply, D.E. # 17, at 3.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that the

court shall grant summary judgment if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter
of law.[1]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most

favorable to the nonmoving party.[2]  When the motion is supported by documentary proof such as

depositions and affidavits, the nonmoving party may not rest on his pleadings but instead must

present some "specific facts showing that there is a genuine issue for trial."[3]  It is not sufficient

"simply [to] show that there is some metaphysical doubt as to the material facts."[4]  These facts

must be more than a scintilla of evidence and must meet the standard of whether a reasonable

juror could find by a preponderance of the evidence that the nonmoving party is entitled to a

---

[1]     Fed. R. Civ. P. 56(a).

[2]     *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3]     *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[4]     *Matsushita*, 475 U.S. at 586.

verdict.[5]  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[6]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action."[8]

## ANALYSIS

In their Motion, Defendants extensively brief both the federal and state claims which Plaintiff appears to raise in his Complaint; they thoroughly discuss the law and the application of the undisputed facts to that law and argue that they are entitled to summary judgment on all of Plaintiff's claims.[9]  As discussed above, Plaintiff fails to dispute the facts related to all but his constructive discharge claim and "breach of contract of employment at will" claim.[10]  He also asserts that "Defendants are not entitled to judgment as a matter of law on the claims for constructive discharge and breach of contract of employment at will."[11]  As correctly pointed out

---

[5]     *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6]     *Id*. at 251-52.

[7]     *Celotex*, 477 U.S. at 322.

[8]     *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[9]     (*See generally* Defs.' Mot., D.E. # 10-23.)

[10]    (Pl.'s Resp., D.E. # 12, at 1.)

[11]    (*Id.* at 8.)

4

by Defendants in their Reply, Plaintiff's Response does not "set forth any argument regarding any of his claims for which he acknowledges that there is no factual dispute."[12]  Indeed, Defendants interpret this lack of briefing as a concession that Defendants are entitled to judgment as a matter of law as to those claims.[13]

The Court agrees; it appears to the Court that Plaintiff has abandoned these claims in the face of Defendants' meritorious arguments.  District courts in this Circuit routinely grant summary judgment as to claims a plaintiff fails to support or address in a response to a motion for summary judgment.[14]  Moreover, this Court has previously dismissed unsupported claims at the summary judgment stage.[15]  Therefore, the Court finds that Plaintiff has abandoned his protected speech claim, his political association claim, his equal protection claim, his due process claim, his PEPFA claim, his intentional infliction of emotional distress claim, and his interference with the at-will employment relationship claim.  As such, Defendants are entitled to summary judgment on those claims, and Defendants' Motion is **GRANTED** in that regard.

---

[12]  (Defs.' Reply, D.E. # 17, at 3.)

[13]  (*Id.*)

[14]  *See Burress v. City of Franklin, Tenn.*, 809 F. Supp. 2d 795, 809 (M.D. Tenn. 2011); *Anglers of the Au Sable v. U.S. Forest Serv.,* 565 F. Supp. 2d 812, 839 (E.D. Mich. 2008)*; Dage v. Time Warner Cable*, 395 F. Supp. 2d 668, 679 (S.D. Ohio 2005); *Kattar v. Three Rivers Area Hosp. Auth.*, 52 F. Supp. 2d 789, 798 n.7 (W.D. Mich. 1999).  *See also Clark v. City of Dublin,* No. 05-3186, 2006 WL 1133577, at *3 (6th Cir. Apr. 27, 2006) (where the appellant did not properly respond to the arguments asserted against his ADEA and ADA claims by the appellees in their motion for summary judgment, the appellant had abandoned his ADEA and ADA  claims); *Conner v. Hardee's Food Sys.,* No. 01-5679, 2003 WL 932432, at *4 (6th Cir. Mar. 6, 2003) (finding that, "Because Plaintiffs failed to brief the issue before the district court . . . Plaintiffs abandoned their . . . claim."); *Hazelwood v. Tenn. Dept. of Safety*, No. 3:05-cv-356, 2008 WL 3200720, at *8 (E.D. Tenn. Aug. 5, 2008).

[15]  *See, e.g.*, *McNeil v. Sonoco Prods. Co.*, No. 10-2411-STA, 2012 WL 1038767, at *8 (W.D. Tenn. Mar. 27, 2012).

As for Plaintiff's constructive discharge claim, the Court finds Defendants' arguments persuasive to an extent.  In their Motion, Defendants characterize Plaintiff's constructive discharge claim as a federal claim,[16] and they argue in their Reply that, because "Plaintiff concedes that the retaliation claims upon which Plaintiff's constructive discharge claim is based fail, his constructive discharge claim likewise fails."[17]

At the outset, the Court notes that the structure and vague wording of Plaintiff's Complaint make it nearly impossible for the Court to discern exactly which actions or legal theories underlie Plaintiff's constructive discharge claim.  However, the Court will broadly interpret Plaintiff's Complaint and find that he has attempted to bring a constructive discharge claim for his enumerated federal and state causes of action.  Plaintiff mentions constructive discharge in one single-sentence paragraph: "Plaintiff was constructively discharged and terminated from his employment by means of false accusation, extortion, and coercion."[18] Courts in the Sixth Circuit have noted that constructive discharge is not a cause of action even though it is routinely alleged as a separate count in complaints for wrongful discharge.[19]

---

[16]        (Defs.' Mot., D.E. # 10-23, at 15-16.)

[17]        (Defs.' Reply, D.E. # 17, at 4.)

[18]        (Compl. ¶ 19.)

[19]        *See, e.g.*, *Steffes v. Pepsi-Cola Pers., Inc.*, 25 F. App'x 300, 305 n.4 (6th Cir. 2001); *Starks v. New Par*, No. 98-1300, 181 F.3d 103, at *5 (6th Cir. May 11, 1999); *Mills v. Macon Consol. Sch. Dist.*, No. , 2008 WL 4457808, at *9 (E.D. Mich. Sept. 30, 2008); *Kroll v. Disney Store*, 899 F. Supp. 344, 347 (E.D. Mich. 1995) ("Constructive discharge is not an independent claim, but rather requires an underlying cause of action for" wrongful termination.).

Because constructive discharge is not an independent cause of action, an underlying cause of action for wrongful termination from employment must exist for the claim to be valid.[20]

In light of this Sixth Circuit precedent and to the extent that Plaintiff is attempting to raise a wrongful termination claim for his protected speech, political association, equal protection, or due process claims, the Court finds that those wrongful termination claims fail as a matter of law.  Plaintiff has conceded his federal causes of action, and those abandoned federal causes of action cannot support any claim Plaintiff has made for constructive discharge or wrongful termination arising therefrom.  Accordingly, the Court finds that, by abandoning his federal claims, Plaintiff has abandoned his wrongful termination claims under those claims as well.  Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's wrongful termination claims arising under federal causes of action is **GRANTED**.  The Court expresses no opinion on the remaining state law claims disputed by Plaintiff or Plaintiff's constructive discharge claim regarding those remaining disputed state law claims.

### Supplemental Jurisdiction

When a federal court has jurisdiction over a civil action by virtue of original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[21]  A district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over

---

[20]     *See, e.g.*, *Stark*, 181 F.3d at *5.

[21]     28 U.S.C. § 1367(a).

which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or in exception circumstances, there are other compelling reasons for declining jurisdiction."[22]  Generally, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."[23]  While this rule is not mandatory, when "all federal claims are eliminated before trial, the balance of factors . . . under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[24]  Several factors discussed by the Supreme Court in *Gibbs* include judicial economy, convenience, and fairness to the litigants; avoiding needless decisions of state law to promote justice between the parties; and whether state issues substantially predominate.[25]

Here, the Court has found that Plaintiff abandoned all of his federal claims, and it granted summary judgment to Defendants on those claims and his other abandoned state law claims. Accordingly, the only claims remaining before the Court are Plaintiff's disputed state law claims.  After weighing the *Gibbs* factors, in the exercise of its discretion, the Court has determined that these state law claims would best be resolved in Fayette County Chancery Court. The issues in these state claims are fundamentally those of state law: constructive discharge and "breach of Plaintiff's contract of employment at will."  Moreover, this case began in state court; permitting the state court to decide the remaining state law issues would promote justice between the parties.  And the three bases for federal jurisdiction contained in the Notice of Removal—due

---

[22]     *Id.* § 1367(c)(1-4).

[23]     *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

[24]     *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

[25]     *Gibbs*, 383 U.S. at 726.

process, equal protection, and speaking on matters of public concern—are no longer disputed, viable claims because Plaintiff effectively abandoned them and the Court granted summary judgment for Defendants on those claims.  Furthermore, remanding the case to state court would help conserve the limited judicial resources available in federal court.  Accordingly, the Court will exercise its discretion and decline to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims.

Therefore, because the Court has declined to exercise its supplemental jurisdiction over the remaining state claims, the Court finds that it does not have jurisdiction to decide the remaining portions of Defendants' Motion for Summary Judgment.  This case is **REMANDED** to Fayette County Chancery Court for further proceedings.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED IN PART** and the case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 23, 2012.
